IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| R&L MERCHANDISE, LLC, d/b/a BELLA RYANN, | )<br>)<br>) Civil Action No. 3:12-1081 |
| Plaintiff, | )<br>) Judge Campbell |
| v. | )<br>) Magistrate Judge Griffin |
| ALEX AND ANI, LLC, d/b/a ALEX AND ANI, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DECLARATORY DEFENDANT'S MOTION TO DISMISS THE DECLARATORY JUDGMENT COMPLAINT

Declaratory Defendant, Alex and Ani, LLC ("Alex and Ani"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) hereby moves the Court for dismissal of the present action for lack of standing and a violation of the Declaratory Judgment Act.

### PRELIMINARY STATEMENT

This entire matter is a simple case of impermissible forum shopping by the Declaratory Plaintiff R&L Merchandise, LLC ("R&L"). Prior to the filing of the present declaratory action, Randa Reep and her husband Rodney Reep were put on notice, via Federal Express and through e-mail to the address <r.reep@bellaryann.com>, of the facts of this dispute and Alex and Ani's intention to file a Complaint in the Federal District Court for the Southern District of New York, should the dispute not be resolved. Rather than accept the Declaratory Defendant's good-faith offer to negotiate, the Declaratory Plaintiff sought to gain some tactical advantage by filing the instant suit.

Only after the Declaratory Defendant's good-faith efforts to negotiate were ignored was an action was filed, as noticed, in the Federal Court for the Southern District of New York

entitled *Alex and Ani, LLC v. Reep et al.*, 12-cv-7887(AJN), (the "SDNY Action"). After the SDNY Action was filed, counsel for R&L informed counsel for the Alex and Ani that the present action was filed.

Respectfully, R&L's defective attempt at a preemptive filing in this Court must be dismissed in favor of the SDNY Action. The Declaratory Judgment Act was not enacted to create races to the courthouse, and the actions of the Declaratory Plaintiff are in direct contravention of the rule of law and the spirit of the fair administration of justice in the Federal Courts. The Declaratory Plaintiff's tactics should be roundly rejected by this Court, and this case should be dismissed in favor of the SDNY Action.

Further, the Declaratory Plaintiff also lacks standing to bring the case at bar because it has not met the statutory requirements under Tennessee Law to "do business" under the assumed name "Bella Ryann." Not only has R&L failed to file to do business as "Bella Ryann" under Tennessee Law, R&L has not filed to do business as a foreign corporation in New York, Rhode Island, Massachusetts or any other state where Bella Ryann goods are sold. R&L Merchandising does not appear on the Bella Ryann website, catalogue or on Bella Ryann's social media sites. Ms. Randa Reep is the only party who has represented to the public that she is doing business as Bella Ryann. R&L simply inserted itself into this dispute in a defective attempt to limit the personal liability of the real party in interest – Randa Reep.

## FACTS

On Wednesday, October 17, 2012, counsel for Alex and Ani sent a notice of dispute by Federal Express, and by e-mail to <r.reep@bellaryann.com>, to Ms. Randa Reep, the principal of Bella Ryann Jewelry, setting forth the position of Alex and Ani that the Bella Ryann brand bangle bracelet infringed Alex and Ani's intellectual property rights. *See* Declaration of Richard

2

M. Garbarini ("Garbarini Decl."), Exhs. A and B. The October 17, 2012 notice set forth the exact date and location where Alex and Ani intended to file a complaint to address the issues raised in the letter, stating, "Should we be unable to adequately resolve this matter, we will be filing a complaint in the United States Federal Court for the Southern District of New York on October 23, 2012." *Id.* Counsel for Alex and Ani received no response.

On Thursday, October 18, 2012, counsel for Alex and Ani re-sent the cease and desist letter and reminded Ms. Reep that a complaint would be filed on Tuesday, October 23 in the Southern District of New York if resolution could not be reached. *See* Garbarini Decl., Exh. C. On Saturday, October 20, 2012, in a further, and final, good-faith attempt to reach a pre-suit resolution, counsel for Alex and Ani sent an e-mail to Ms. Reep stating:

> "We have now prepared the complaint against you alleging copyright, trade dress and patent infringement as well as state law claims for unfair competition, among others. The Complaint will be filed Monday, October 22, 2012.
>
> This is a matter that requires a discussion, and possible amicable resolution. Please call me on my cell phone (646.408.3906) prior to Monday. Once the complaint is filed, this matter will be far more complex."

*See* Garbarini Decl., Exh. D. Counsel for Alex and Ani again received no response.

Further to the messages to Ms. Reep, counsel for Alex and Ani made all necessary preparations and filed the complaint against Ms. Reep, as promised, on October 22, 2012. *See* Garbarini Decl., Exhs. E and G. That same day, counsel for Ms. Reep contacted counsel for Alex and Ani by e-mail and advised that the present complaint for declaratory relief was filed in the Middle District of Tennessee on October 19, 2012. *See* Garbarini Decl., Exh. F. Counsel for Alex and Ani responded that an action had already been filed in the Southern District of New York, and the instant matter must be withdrawn as impermissible forum shopping. See Garbarini

3

Decl., Exh. F. To date, a Complaint and an Amended Complaint have been filed in the Federal Court for the Southern District of New York and served on all parties. See Garbarini Decl. at ¶ 11.

The good-faith attempts to resolve this matter, and notice of the SDNY Action, were made to Ms. Reep because she is the only individual who has held herself out to the public as the owner of Bella Ryann. Garbarini Decl. at ¶ 2. Prior to filing, Counsel had reviewed the corporate databases for Tennessee which lists no corporate owner of Bella Ryann, nor any entity doing business as Bella Ryann. Garbarini Decl. at ¶ 7. In fact, neither the Bella Ryann catalogue nor the Bella Ryann Facebook page make any reference to Declaratory Plaintiff R & L. *See* Garbarini Decl., Exh. G (Attachments 1 and 2 to the SDNY Action First Amended Complaint). The Bella Ryan website also makes no reference to the Declaratory Plaintiff R & L. *See* Garbarini Decl., Exh. H.

## ARGUMENT

### I. R&L Lacks Standing to Bring the Present Action

"A motion to dismiss for lack of standing is properly analyzed under Rule 12(b)(1), since standing is thought of as a jurisdictional matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction." *Moeckel v. Caremark Rx Inc.*, 385 F. Supp. 2d 668, 672 (quoting *Ward v. Alternative Health Delivery Sys.*, 261 F.3d 624, 626 (6th Cir. 2001)(internal quotations omitted)). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Moeckel v. Caremark Rx Inc.*, 385 F. Supp. 2d at

4

673 (citing *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)). Declaratory Defendant attacks here the factual basis for jurisdiction.

Tenn. Code Ann. § 48-249-106(d)(2) requires:

> Before transacting any business in this state under an assumed name or names, the domestic or foreign LLC **shall**, for each assumed name, execute and file, in accordance with §§ 48-249-1005 and 48-249-1007. (emphasis added).

R&L is a limited liability company organized under the laws of Tennessee. *See* Complaint at ¶ 2. Declaratory Plaintiff alleges R&L is doing business under the name Bella Ryann. Complaint at ¶ 3. Conspicuously absent from Declaratory Plaintiff's pleading is any allegation that R&L has filed such application with the State. State records for the State of Tennessee reflect that at no time has R&L filed to do business as Bella Ryann, as required by Tennessee Law, Tenn. Code Ann. § 48-249-106(d).

Further, R&L has failed, at any time, to hold itself out to the public as being affiliated in any way with Bella Ryann. For example, neither the Bella Ryann catalogue, website nor Facebook page identifies Bella Ryann as being affiliated with R&L in any way. R&L is simply not the appropriate party to bring the within suit, and this matter should be dismissed accordingly.

In *IGC Link, Inc. v. Steen*, 363 S.W.3d 533, 550 (Tenn. Ct. App. 2011), the Tennessee Court of Appeals found that the individual defendant in that matter, while claiming to do business under an assumed name, was liable because he failed to file to do business under Tenn. Code Ann. § 48-249-106(d).

R&L has no statutory right under Tenn. Code Ann. § 48-249-106(d) to do business as Bella Ryann, or any connection to this matter what-so-ever. Only the individual defendants, Randa Reep and Rodney Reep, are the real parties in interest, and may maintain this action.

Based on the foregoing failure of R&L to comply with its statutory obligations, coupled with its failure to hold itself out to the public as the real principal for Bella Ryann, R&L lacks standing or authority to bring the instant suit and this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

## II. The First-To-File Rule Does Not Apply to Declaratory Plaintiff's Complaint

Declaratory Plaintiff's dash to the courthouse one working day prior to the date Alex and Ani stated it would file a complaint is an impermissible attempt at forum shopping and should be rebuked by this Court as a matter of law.

The first-to-file rule is a general guideline whose purpose is to ". . . encourage[] comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001). Despite this general rule, "[a] plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing." *Id.* at 437. "Courts in the Sixth Circuit have also declined to apply the first-to-file rule when a declaratory judgment action is filed before a coercive action involving the same parties and issues." *Clear!Blue, LLC v. Clear Blue, Inc.*, 521 F. Supp. 2d 612, 614 (E.D. Mich., 2007)(citing *AmSouth Bank v. Dale*, 386 F.3d at 791).

Declaratory Plaintiff seeks to use a rule meant to foster comity among the courts as a weapon against a party who gave clear and timely notice of the time and place the coercive action would be filed. The complaint filed on Monday, October 22, 2012 in the Southern District of New York is *vastly* more detailed in its claims, has additional state and common law claims alleged against the Bella Ryann defendants, and was actually filed on the same day this case became publicly available for viewing on the Court's ECF system. *See* Garbarini Decl.,

6

Exhs. E and G. To allow R&L's tactical maneuverings would violate federal comity and go against the well-established law of this, and every other, Federal Circuit.

### III. The Declaratory Judgment Act Dictates This Case Must Be Dismissed

"A federal declaratory judgment action . . . is available as a discretionary matter for the district court." *Pureworks, Inc. v. Brady Corp.*, 2010 U.S. Dist. LEXIS 97688, *36 (citing 28 U.S.C. § 2201). "District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004)(citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)).

The Sixth Circuit Court of Appeals "has adopted a five-factor test to determine when a district court should exercise jurisdiction over a declaratory judgment action:

1) Whether the judgment would settle the controversy;
2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;
4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and,
5) whether there is an alternative remedy that is better or more effective."

*AmSouth Bank v. Dale*, 386 F.3d at 785 (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)(internal quotations omitted)). Each of these factors is resolved in favor of the Declaratory Defendant.

    *a. Whether the judgment would settle the controversy.*

Alex and Ani, in the SDNY Action, has alleged common law claims and a New York state claim, neither of which would be resolved by this declaratory judgment action in

7

Tennessee. Further, the SDNY Action is properly brought against Randa Reep, her husband Rodney Reep and R&L. This controversy cannot be resolved without addressing the personal liability of the individual defendants in the SDNY Action, and the only real parties in interest, Randa Reep and Rodney Reep. This Declaratory Action cannot settle the controversy in full, and this factor weighs heavily in favor of Alex and Ani.

> b. *Whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue.*

The second factor also weighs in favor of Alex and Ani. A court of competent jurisdiction, the SDNY, is currently addressing the claims in the present action, as well as substantial and related state law claims. It would serve no useful purpose to address discrete issues in piecemeal fashion in different courts. In fact, since the New York State cause of action will not be addressed in the present case, a declaratory remedy would arguably make the issues *less* clear than they would be by proceeding to address all claims together in the SDNY Action.

> c. *Whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata.*

The third factor also weighs heavily in favor of Alex and Ani. There can be no dispute that Declaratory Plaintiff, with full knowledge of the date and time when a complaint would be filed in New York, sought out any advantage it could by first filing a declaratory judgment action in Tennessee, a forum it hopes will be favorable to its case. As the Sixth Circuit Court of Appeals observed in *AmSouth Bank*, "Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." 366 F.3d at 788. Interestingly, the Sixth Circuit cites to a case from the Southern District of New York for the proposition that:

8

> Potential plaintiffs should be encouraged to attempt settlement discussions (in good faith and with dispatch) prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing before plaintiff files an already drafted complaint.

*AmSouth Bank* at 790 (quoting *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 747–48 (S.D.N.Y. 1977)).

This is the exact scenario here. Declaratory Plaintiff's complaint is an impermissible tactical filing, made after no less than three notices of the date and court in which an action would be filed. Declaratory Defendant took great pains to extend an offer to avoid litigation and open a dialogue with Ms. Reep, and thereby R&L. Declaratory Plaintiff used this good faith effort to its tactical advantage, and that must not be condoned. If allowed, parties would be forced to file a case rather than attempt to first negotiate, burdening an already radically over-burdened judiciary. This factor weighs heavily in favor of Alex and Ani.

### d. *Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction.*

The fourth factor of whether the declaratory action would increase friction between the federal and state courts is not as applicable in this matter because both cases are filed before Federal Courts. However, since it is Alex and Ani's state causes of action that will not be heard in the declaratory action, this factor must also weigh in favor of Alex and Ani.

### e. *Whether there is an alternative remedy that is better or more effective.*

As resolution of the SDNY Action will be a more effective remedy, the fifth factor weighs heavily in favor of Alex and Ani. The Sixth Circuit has held that "[t]he existence of a coercive action is important to our determination that this declaratory action would serve no useful purpose." *AmSouth Bank* at 791. In this case, the coercive action will more readily clarify the issues and will also lead to a greater chance of resolution of the matter by settlement. *Id.*

(citing *Albie's Foods, Inc. v. Menusaver, Inc.*, 170 F. Supp. 2d 736, 740 (E.D. Mich. 2001) and *Essex Group, Inc. v. Cobra Wine & Cable, Inc.*, 100 F. Supp. 2d 912, 915-17 (N.D. Ind. 2000)).

All factors weigh in favor of Alex and Ani and the dismissal of the present action. Moreover, the third and fifth factors, the issues of procedural fencing and the desire for the most effective remedy, are so clearly in favor of Alex and Ani that they should dictate the dismissal of the declaratory action in favor of the coercive action in New York.

## CONCLUSION

Based on the foregoing, Declaratory Defendant respectfully asserts the Declaratory Plaintiff has no authority to file the instant action and the only proper way to address the claims in this matter is to allow the SDNY Action to proceed as the sole case concerning the facts, parties and issues at bar.

Dated: New York, New York
November 12, 2012

Respectfully submitted,

GARBARINI FITZGERALD P.C.

By: _____
Richard M. Garbarini (*Pro Hac Vice Pending*)
420 Lexington Ave, Suite 2743
New York, New York
Phone: 212.300.5358
Fax: 888.265.7054

*Attorneys for Declaratory Defendant*