IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| R&L MERCHANDISE, LLC, d/b/a BELLA RYANN, <br><br> Plaintiff, <br><br> v. <br><br> ALEX AND ANI, LLC, d/b/a ALEX AND ANI, <br><br> Defendant. | Civil Action No. 3:12-1081 <br><br> Judge Campbell <br><br> Magistrate Judge Griffin |

**MEMORANDUM OF LAW IN SUPPORT OF
DECLARATORY DEFENDANT'S MOTION TO DISMISS
THE AMENDED DECLARATORY JUDGMENT COMPLAINT**

Richard M. Garbarini
(Admitted *pro hac vice*)
GARBARINI FITZGERALD P.C.
420 Lexington Ave, Suite 2743
New York, New York
Phone: 212.300.5358
Fax: 888.265.7054

- and -

Daniel P. Berexa
Cornelius & Collins, LLP
Suite 1500, 511 Union Street
P.O. Box 190695
Nashville, TN 37219
Phone: 615.244.1440
Fax: 615.254.9477

*Attorneys for Declaratory Defendant*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT .................................................................................... 1

FACTS ............................................................................................................................ 2

PROCEDURAL HISTORY ............................................................................................ 5

ARGUMENT .................................................................................................................. 5

    I.    Rule 12(b)(1) Standard ................................................................................ 5

    II.   The First-To-File Rule Does Not Apply to Declaratory Plaintiff's Complaint ............... 8

    III.  The Declaratory Judgment Act Dictates This Case Must Be Dismissed ........................ 8

    IV.  The Fifth Cause of Action for False Advertising Fails to State a Claim Upon Which Relief May Be Granted ............................................................................................. 12

CONCLUSION ............................................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**

*Albie's Foods, Inc. v. Menusaver, Inc.*, 170 F. Supp. 2d 736 (E.D. Mich. 2001) .......................... 11

*AmSouth Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004) ...................................................... 8, 9, 10, 11

*Ballentine v. United States*, 486 F.3d 806 (3d Cir. 2007) ................................................................ 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................. 14

*Bill Walker & Associates v. Parrish*, 770 S.W.2d 764 (Tenn. Ct. App. 1989) .............................. 6

*Clear!Blue, LLC v. Clear Blue, Inc.*, 521 F. Supp. 2d 612 (E.D. Mich. 2007) .............................. 8

*Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742 (S.D.N.Y. 1977) ........................ 10

*DLX, Inc. v. Kentucky*, 381 F.3d 511 (6th Cir. 2004) ..................................................................... 5

*Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254 (Fed. Cir. 2008) .... 13, 15

*Essex Group, Inc. v. Cobra Wine & Cable, Inc.*, 100 F. Supp. 2d 912 (N.D. Ind. 2000) ............. 11

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367 (Fed. Cir. 2004) ...... 12

*IGC Link, Inc. v. Steen*, 363 S.W.3d 533 (Tenn. Ct. App. 2011) .................................................... 7

*Infection Prevention Techs., LLC v. UVAS, LLC*, No. 10-cv-12371, 2011 U.S. Dist. LEXIS
    105666 (E.D. Mich. July 25, 2011) ..................................................................................... 13, 15

*Keene Corp. v. United States*, 508 U.S. 200 (1993) ....................................................................... 7

*Moeckel v. Caremark Rx Inc.*, 385 F. Supp. 2d 668 (M.D. Tenn. 2005) ......................................... 5

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989) ..................................................... 7

*Pureworks, Inc. v. Brady Corp.*, 2010 U.S. Dist. LEXIS 97688 (M.D. Tenn. Sep. 15, 2010) ....... 8

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964 (6th Cir. 2000) ........................................................ 9

Viskase Companies, Inc. v. World PAC Intern AG, 710 F. Supp. 2d 754 (N.D. Ill. 2010) ......... 14

*Ward v. Alternative Health Delivery Sys.*, 261 F.3d 624 (6th Cir. 2001) ....................................... 5

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ............................................................................. 9

*Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999) ................................. 12, 13, 14

*Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx. 433 (6th Cir. 2001) ........... 8

**Statutes**

28 U.S.C. § 1653 (2000) ........................................................................................................ 7

Declaratory Judgment Act, 28 U.S.C. § 2201 .................................................................. 1, 8

Lanham Act, 15 U.S.C. § 1125 ..................................................................................... passim

Tenn. Code Ann. § 48-249-106(d)(2) ............................................................................... 6, 7

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................................ 1, 5, 7

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 1

Declaratory Defendant, Alex and Ani, LLC ("Alex and Ani"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), hereby moves the Court for dismissal of the present action for lack of standing and a violation of the Declaratory Judgment Act. Declaratory Defendant also seeks dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of the frivolous Fifth Cause of Action for False Advertising under the Lanham Act for failure to state a claim upon which relief may be granted.

## PRELIMINARY STATEMENT

Declaratory Plaintiff amended the complaint in this action on March 25, 2013 in a desperate, albeit legally fatal, attempt to keep this matter before this Court. For the exact reasons set forth in Declaratory Defendant's original opposition, this entire matter is a simple case of impermissible forum shopping by the Declaratory Plaintiff R&L Merchandise, LLC ("R&L"). Now, in a desperate attempt to establish jurisdiction in this Court, the Declaratory Plaintiff adds an untenable and improper claim under the Lanham Act.

Prior to the filing of the present declaratory action, Randa Reep and her husband Rodney Reep were put on notice, via Federal Express and through e-mail to the address <r.reep@bellaryann.com>, of the facts of this dispute and Alex and Ani's intention to file a Complaint in the Federal District Court for the Southern District of New York, should the dispute not be resolved. Rather than accept the Declaratory Defendant's good-faith offer to negotiate, the Declaratory Plaintiff sought to gain some tactical advantage by filing the instant suit.

Only after the Declaratory Defendant's good-faith efforts to negotiate were ignored was an action filed, as noticed, in the Federal Court for the Southern District of New York entitled *Alex and Ani, LLC v. Reep et al.*, 12-cv-7887(AJN) (the "SDNY Action"). After the SDNY Action was filed, counsel for R&L informed counsel for Alex and Ani that the present action was filed.

1

Respectfully, R&L's defective attempt at a preemptive filing in this Court must be dismissed in favor of the SDNY Action. The Declaratory Judgment Act was not enacted to create races to the courthouse, and the actions of the Declaratory Plaintiff are in direct contravention of the rule of law and the spirit of the fair administration of justice in the Federal Courts. The Declaratory Plaintiff's tactics should be roundly rejected by this Court.

Further, the Declaratory Plaintiff also lacks standing to bring the case at bar because it did not meet the statutory requirements under Tennessee Law to "do business" under the assumed name "Bella Ryann" at the time the original Complaint was filed. Not only had R&L failed to file to do business as "Bella Ryann" under Tennessee Law, R&L has not filed to do business as a foreign corporation in New York, Rhode Island, Massachusetts or any other state where Bella Ryann goods are sold. R&L Merchandising does not appear on the Bella Ryann website, catalogue or on Bella Ryann's social media sites. Ms. Randa Reep is the only party who has represented to the public that she is doing business as Bella Ryann. R&L simply inserted itself into this dispute in a defective attempt to limit the personal liability of the real parties in interest – Randa Reep and Rodney Reep.

Finally, Declaratory Plaintiff's Amended Complaint seeks to add a non-declaratory judgment claim for False Advertising under the Lanham Act in a legally impermissible attempt to assert a direct claim. This cause of action is based on a single correspondence from counsel for Declaratory Defendant to a distributor for Declaratory Plaintiff (and a former client of Alex and Ani), informing that entity of the "possible infringement" underlying this action. These statements made in support of patent rights cannot, absent a showing of affirmative bad faith, support a Lanham Act claim as a matter of law, which Declaratory Plaintiff fails to plead.

## FACTS

Prior to any action being filed, Counsel for Alex and Ani went to great lengths to negotiate a good-faith resolution to the dispute between Alex and Ani and Randa and Rodney Reep (owners of Bella Ryann referred to here as the REEPS). The REEPS, at all times, were the

only individuals or entities that held themselves out to the public as owning Bella Ryann. The REEPS, and purportedly R&L Merchandising, rejected Alex and Ani's attempts at an amicable resolution and, instead, filed the within lawsuit.

On Wednesday, October 17, 2012, counsel for Alex and Ani sent a notice of dispute by Federal Express, and by e-mail to <r.reep@bellaryann.com>, to Ms. Randa Reep, the principal of Bella Ryann Jewelry, setting forth the position of Alex and Ani that the Bella Ryann brand bangle bracelet infringed Alex and Ani's intellectual property rights. *See* Declaration of Richard M. Garbarini ("Garbarini Decl."), Exs. A and B. The October 17, 2012 notice set forth the exact date and location where Alex and Ani intended to file a complaint to address the issues raised in the letter, stating, "Should we be unable to adequately resolve this matter, we will be filing a complaint in the United States Federal Court for the Southern District of New York on October 23, 2012." *Id.* Counsel for Alex and Ani received no response.

On Thursday, October 18, 2012, counsel for Alex and Ani re-sent the cease and desist letter and reminded Ms. Reep that a complaint would be filed on Tuesday, October 23 in the Southern District of New York if resolution could not be reached. *See* Garbarini Decl., Ex. C. On Saturday, October 20, 2012, in a further, and final, good-faith attempt to reach a pre-suit resolution, counsel for Alex and Ani sent an e-mail to Ms. Reep stating:

> "We have now prepared the complaint against you alleging copyright, trade dress and patent infringement as well as state law claims for unfair competition, among others. The Complaint will be filed Monday, October 22, 2012.
>
> This is a matter that requires a discussion, and possible amicable resolution. Please call me on my cell phone (646.408.3906) prior to Monday. Once the complaint is filed, this matter will be far more complex."

Garbarini Decl., Ex. D. Counsel for Alex and Ani again received no response.

On Monday, October 22, 2012, counsel for Alex and Ani sent a correspondence dated October 19, 2012 to BL Rogers, a distributor for Bella Ryann, and former purchaser of Alex and Ani's patented bangles, informing BL Rogers of Alex and Ani's claim of a "possible

3

infringement" of infringement and the possibility of contributory infringement. *See* Garbarini Decl., Ex. E.

Further to the requests to negotiate to Ms. Reep, counsel for Alex and Ani made all necessary preparations and filed the complaint against Ms. Reep, as promised, on October 22, 2012. *See* Garbarini Decl., Exs. F and G. That same day, counsel for Ms. Reep contacted counsel for Alex and Ani by e-mail and advised that the original complaint for declaratory relief in this action was filed in the Middle District of Tennessee. *See* Garbarini Decl., Ex. G. In fact, on the Sunday night before the New York action was filed, counsel for Declaratory Plaintiff literally ran to the courthouse in a transparent (and admitted) attempt to "beat" the Declaratory Defendant. *See* Dkt.1, Complaint.

Counsel for Alex and Ani responded that an action had already been filed in the Southern District of New York, and the instant matter must be withdrawn as impermissible forum shopping. *See* Garbarini Decl., Ex. G. To date, a Complaint and an Amended Complaint have been filed in the Federal Court for the Southern District of New York and served on all parties. *See* Garbarini Decl. ¶ 11, Exs. F and H.

The good-faith attempts to resolve this matter, and notice of the SDNY Action, were made to Ms. Reep because she is the only individual who has held herself out to the public as the owner of Bella Ryann. Garbarini Decl. ¶ 1. Prior to filing, Counsel had reviewed the corporate record database for Tennessee which listed no corporate owner of Bella Ryann, nor any entity doing business as Bella Ryann. Garbarini Decl. ¶ 6. In fact, neither the Bella Ryann catalogue nor the Bella Ryann Facebook page makes any reference to Declaratory Plaintiff R&L. *See* Garbarini Decl., Ex. H (Attachments 1 and 2 to the SDNY Action First Amended Complaint). The Bella Ryann Facebook page, however, clearly indicated that Bella Ryann was owned and run by Ms. Randa Reep. *See* Garbarini Decl. ¶ 1. The Bella Ryann website also makes no reference to the Declaratory Plaintiff R&L. *See* Garbarini Decl., Ex. I.

4

## PROCEDURAL HISTORY

Declaratory Defendant moved to dismiss the original Complaint on November 13, 2012. *See* Dkt. No. 7. After being granted its Motion for Extension of Time to respond, Declaratory Plaintiff filed its Opposition on December 8, 2012. *See* Dkt. Nos. 12, 14, 16. On December 12, 2012, Declaratory Plaintiff impermissibly filed an Amended Complaint without compliance with Federal Rule of Civil Procedure 15(a). *See* Dkt. No. 17. Declaratory Defendant filed a Motion to Strike the Amended Complaint on December 9, 2012. *See* Dkt. No. 18. The Amended Complaint was stricken by the Court. On December 10, 2012, Declaratory Plaintiff filed a Motion to Amend the Complaint. *See* Dkt. No. 21. Declaratory Plaintiff's Motion to Amend was granted by Court Order of Magistrate Judge Juliet Griffin on March 25, 2013. *See* Dkt. Nos. 34-35. Declaratory Plaintiff filed its Amended Complaint on March 25, 2013. *See* Dkt. No. 36.

## ARGUMENT

### I. Rule 12(b)(1) Standard

"A motion to dismiss for lack of standing is properly analyzed under Rule 12(b)(1), since standing is thought of as a jurisdictional matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction." *Moeckel v. Caremark Rx Inc.*, 385 F. Supp. 2d 668, 672 (M.D. Tenn. 2005) (quoting *Ward v. Alternative Health Delivery Sys.*, 261 F.3d 624, 626 (6th Cir. 2001)(internal quotation marks omitted)). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Moeckel v. Caremark Rx Inc.*, 385 F. Supp. 2d at 673 (citing *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)). Declaratory Defendant attacks here the factual basis for jurisdiction.

5

### A. R&L Has Alleged No Factual Basis to Support Standing

R&L was statutorily required to file to do business as Bella Ryann; it failed to do so until after the Complaint in this matter was filed and after all facts that gave rise to this Complaint occurred. R&L, under Tennessee Law, is prohibited from addressing issues that arose prior to fulfilling its statutory requirements.

Tenn. Code Ann. § 48-249-106(d)(2) requires:

> **Before** transacting any business in this state under an assumed name or names, the domestic or foreign LLC **shall**, for each assumed name, execute and file, in accordance with §§ 48-249-1005 and 48-249-1007.

(emphases added.) *See also Bill Walker & Associates v. Parrish*, 770 S.W.2d 764, 769 n. 3 (Tenn. Ct. App. 1989) ("Tennessee Business Corporations Act requires that corporations *must* file an application for permission to use an assumed name." (emphasis added))

R&L is a limited liability company organized under the laws of Tennessee. *See* Am. Compl. at ¶ 4. Declaratory Plaintiff alleges that R&L filed to do business under the name "Bella Ryann" on November 7, 2012. Am. Compl. at ¶ 4. Unquestionably, R&L failed to file under Tennessee law to do business as Bella Ryann until after the original Complaint in this matter was filed. R&L filed to do business as Bella Ryann after all of the facts that gave rise to this action, and after the Complaint and Amended Complaint were filed in the New York Action. This directly violates Tenn. Code Ann. § 48-249-106(d)(2). Only the REEPS held themselves out to the public as being the owners of Bella Ryann, and only the REEPS are liable; and have standing to address that liability.

Further, R&L has failed, at any time, to hold itself out to the public as being affiliated in any way with Bella Ryann. For example, neither the Bella Ryann catalogue, website nor Facebook page identifies Bella Ryann as being affiliated with R&L in any way. *See* Garbarini Decl. Exs. H and I. R&L is simply not the appropriate party to bring the within suit, and this matter should be dismissed accordingly.

6

This issue was addressed in *IGC Link, Inc. v. Steen*, 363 S.W.3d 533, 550 (Tenn. Ct. App. 2011). The Tennessee Court of Appeals found that the individual defendant in that matter, while claiming to do business under an assumed name, was liable because he failed to file to do business under Tenn. Code Ann. § 48-249-106(d).

Based on the foregoing failure of R&L to comply with its statutory obligations, coupled with its failure to hold itself out to the public as the real principal for Bella Ryann, R&L lacks standing or authority to bring the instant suit and this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See also Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

B. *R&L May Not Cure the Jurisdictional Defect through Subsequent Acts*

The Amended Complaint, filed after R&L's filing to do business under the name "Bella Ryann," fails to cure the jurisdictional defect. "The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989); *see also Keene Corp. v. United States*, 508 U.S. 200, 207 (1993). While plaintiffs are permitted to amend their complaints to cure "[d]efective allegations of jurisdiction," 28 U.S.C. § 1653 (2000), events that occur subsequent to the filing of a complaint cannot alter the jurisdictional facts that existed at the time plaintiff filed the initial complaint. *See Newman-Green*, 490 U.S. at 830-32 (noting that 28 U.S.C. § 1653 "addresses only incorrect statement about jurisdiction that actually exists, and not defendants in the jurisdictional facts themselves.").

Because the Declaratory Plaintiff did not file to do business under the assumed name Bella Ryann until after October 19, 2012, it is precluded from filing a Complaint to address issues that arose prior to that date. This cannot be cured by an amendment including post-filing facts, and this Court respectfully must dismiss the Amended Complaint as jurisdictionally defective.

7

## II. The First-To-File Rule Does Not Apply to Declaratory Plaintiff's Complaint

Declaratory Plaintiff's dash to the courthouse one day prior to the date Alex and Ani stated it would file a complaint is an impermissible attempt at forum shopping and should be rebuked by this Court as a matter of law.

The first-to-file rule is a general guideline whose purpose is to ". . . encourage[] comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001). Despite this general rule, "[a] plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing." *Id.* at 437. "Courts in the Sixth Circuit have also declined to apply the first-to-file rule when a declaratory judgment action is filed before a coercive action involving the same parties and issues." *Clear!Blue, LLC v. Clear Blue, Inc.*, 521 F. Supp. 2d 612, 614 (E.D. Mich. 2007) (citing *AmSouth Bank v. Dale*, 386 F.3d 763, 791 (6th Cir. 2004)).

Declaratory Plaintiff seeks to use a rule meant to foster comity among the courts as a weapon against a party who gave clear and timely notice of the time and place the coercive action would be filed. The complaint filed on Monday, October 22, 2012 in the Southern District of New York is *vastly* more detailed in its claims, has additional state and common law claims alleged against the Bella Ryann defendants, and was actually filed on the same day this case became publicly available for viewing on the Court's ECF system. *See* Garbarini Decl., Exs. F and H. To allow R&L's tactical maneuverings would violate federal comity and go against the well-established law of this, and every other, Federal Circuit.

## III. The Declaratory Judgment Act Dictates This Case Must Be Dismissed

"A federal declaratory judgment action . . . is available as a discretionary matter for the district court." *Pureworks, Inc. v. Brady Corp.*, 2010 U.S. Dist. LEXIS 97688, at *36 (M.D. Tenn. Sep. 15, 2010) (citing 28 U.S.C. § 2201). "District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even

8

when the suit otherwise satisfies subject matter jurisdictional prerequisites." *AmSouth Bank*, 386 F.3d at 784 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)).

The Sixth Circuit Court of Appeals "has adopted a five-factor test to determine when a district court should exercise jurisdiction over a declaratory judgment action:

1) whether the judgment would settle the controversy;
2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;
4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and,
5) whether there is an alternative remedy that is better or more effective."

*AmSouth Bank v. Dale*, 386 F.3d at 785 (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)(internal quotations omitted)). Each of these factors is resolved in favor of the Declaratory Defendant.

*a. Whether the judgment would settle the controversy.*

Alex and Ani, in the SDNY Action, has alleged common law claims and a New York state claim, neither of which would be resolved by this declaratory judgment action in Tennessee. Further, the SDNY Action is properly brought against Randa Reep, her husband Rodney Reep and R&L. This controversy cannot be resolved without addressing the personal liability of the individual defendants in the SDNY Action, and the only real parties in interest, Randa Reep and Rodney Reep. This Declaratory Action cannot settle the controversy in full, and this factor weighs heavily in favor of Alex and Ani.

*b. Whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue.*

The second factor also weighs in favor of Alex and Ani. A court of competent jurisdiction, the SDNY, is currently addressing the claims in the present action, as well as substantial and related state law claims. It would serve no useful purpose to address discrete issues in piecemeal fashion in different courts. In fact, since the New York State cause of action

9

will not be addressed in the present case, a declaratory remedy would arguably make the issues *less* clear than they would be by proceeding to address all claims together in the SDNY Action. Declaratory Plaintiff has added a non-declaratory judgment claim for False Advertising under the Lanham Act in a desperate attempt to assert a direct claim. Notwithstanding the fact that this claim is wholly unsupported by the facts as alleged, see Point III, infra, this is a claim under federal law and can appropriately be brought in the New York action.

      *c. Whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata.*

The third factor also weighs heavily in favor of Alex and Ani. There can be no dispute that Declaratory Plaintiff, with full knowledge of the date and time when a complaint would be filed in New York, sought out any advantage it could by first filing a declaratory judgment action in Tennessee, a forum it hopes will be favorable to its case. As the Sixth Circuit Court of Appeals observed in *AmSouth Bank*, "Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." 386 F.3d at 788. Interestingly, the Sixth Circuit cites to a case from the Southern District of New York for the proposition that:

> Potential plaintiffs should be encouraged to attempt settlement discussions (in good faith and with dispatch) prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing before plaintiff files an already drafted complaint.

*AmSouth Bank* at 790 (quoting *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 747–48 (S.D.N.Y. 1977)).

This is the exact scenario here. Declaratory Plaintiff's Amended Complaint is an impermissible tactical filing, made after no less than three notices of the date and court in which an action would be filed. Declaratory Defendant took great pains to extend an offer to avoid litigation and open a dialogue with Ms. Reep, and thereby R&L. Declaratory Plaintiff used this good faith effort to its tactical advantage, and that must not be condoned. If allowed, parties

10

would be forced to file a case rather than attempt to first negotiate, burdening an already radically over-burdened judiciary. This factor weighs heavily in favor of Alex and Ani.

> d. *Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction.*

The fourth factor of whether the declaratory action would increase friction between the federal and state courts is not as applicable in this matter because both cases are filed before Federal Courts. However, since it is Alex and Ani's state causes of action that will not be heard in the declaratory action, this factor must also weigh in favor of Alex and Ani.

> e. *Whether there is an alternative remedy that is better or more effective.*

As resolution of the SDNY Action will be a more effective remedy, the fifth factor weighs heavily in favor of Alex and Ani. The Sixth Circuit has held that "[t]he existence of a coercive action is important to our determination that this declaratory action would serve no useful purpose." *AmSouth Bank* at 791. In this case, the coercive action will more readily clarify the issues and will also lead to a greater chance of resolution of the matter by settlement. *Id.* (citing *Albie's Foods, Inc. v. Menusaver, Inc.*, 170 F. Supp. 2d 736, 740 (E.D. Mich. 2001) and *Essex Group, Inc. v. Cobra Wine & Cable, Inc.*, 100 F. Supp. 2d 912, 915-17 (N.D. Ind. 2000)). Again, while Declaratory Defendant disputes the merits of Declaratory Plaintiff's sole direct cause of action for Lanham Act False Advertising, this federal claim may be brought in the New York Action.

All factors weigh in favor of Alex and Ani and the dismissal of the present action. Moreover, the third and fifth factors, the issues of procedural fencing and the desire for the most effective remedy, are so clearly in favor of Alex and Ani that they should dictate the dismissal of the declaratory action in favor of the coercive action in New York.

### IV. The Fifth Cause of Action for False Advertising Fails to State a Claim Upon Which Relief May Be Granted

Declaratory Plaintiff makes a single allegation in support of its False Advertising claim brought pursuant to the Lanham Act; to wit:

> "On or about October 19, 2012, counsel for Alex and Ani's [sic] served letters on R&L customers and distributors stating that the Alex and Ani bangles and charms are patented, that the scope of the patent includes any similar bangle and/or charms, and stating that a bracelet sold by R&L infringes Alex and Ani's intellectual property rights. The communication from Alex and Ani suggested that Alex and Ani's patent protection extended to all aspects of the current Alex and Ani design."

Am. Compl. at ¶ 33. Plaintiff purports to attach the October 19 correspondence as Exhibit D to the First Amended Complaint.[1]

Even assuming these allegations are true, they are not the type of false patent claim allowed to proceed under the Lanham Act. The Federal Circuit has expressly admonished this type of pleading finding: "False patent claims are not the kind of unfair competitive activity at which the Lanham Act is directed." *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1344 (Fed. Cir. 1999).

"[A] patentee must be allowed to make its rights known to a potential infringer so that the latter can determine whether to cease its allegedly infringing activities, negotiate a license if one is offered, or decide to run the risk of liability and/or the imposition of an injunction." *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004).

At bar, Plaintiff's allegation of false advertising is limited to the sole communication to Plaintiff's customer/distributor BL Rogers, informing BL Rogers of a "potential infringement" and "a significant issue of possible contributory infringement." Garbarini Decl., Ex. E. The referenced correspondence also states BL Rogers was "very familiar with the Alex and Ani patented bangles and charms." *Id.* This refers to the fact that BL Rogers is a former purchaser of

---

[1] The Amended Complaint references four exhibits. These exhibits, however, were not actually included in either the Motion for Leave to File an Amended Complaint, Dkt. No. 21, or the First Amended Complaint, Dkt. No 36. Defendant relies on the Exhibits as sent to Defendant's Counsel by Plaintiff's Counsel and attaches the exhibits here. *See* Garbarini Decl., Ex. E.

12

the Alex and Ani patented bangles, as well as the Alex and Ani charms, and is well-aware of the patent at issue here. As a direct consequence of this former relationship, BL Rogers was the only customer/distributer contacted by Defendant's counsel in order to inform BL Rogers of potential liability. This is the exact situation which the Federal Circuit has precluded from constituting the basis of a Lanham Act claim. There is no conceivable way Plaintiff can shoehorn this correspondence into a Lanham Act claim. This cause of action should be dismissed as a matter of law.

        a.        *The Amended Complaint Fails to Sufficiently Allege Bad Faith*

Plaintiff also fails to allege bad-faith, a necessary element of a false advertising claim under the Lanham Act. The Federal Circuit addressed this as well, finding "before a patentee may be held liable under § 43(a) for marketplace activity in support of its patent, and thus be deprived of the right to make statements about potential infringement of its patent, the marketplace activity must have been undertaken in bad faith." *Zenith Elecs. Corp.*, 182 F.3d at 1355.

"The test for bad faith consists of both objective and subjective components. The objective prong requires an alleged infringer to demonstrate that the patentee's allegations were so objectively baseless that 'no reasonable litigant could reasonably expect success on the merits.'" *Infection Prevention Techs., LLC v. UVAS, LLC*, No. 10-cv-12371, 2011 U.S. Dist. LEXIS 105666, at *73 (E.D. Mich. July 25, 2011) (quoting *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008)). "[I]f the patentee knows that the patent is invalid, unenforceable, or not infringed, yet represents to the marketplace that a competitor is infringing the patent, a clear case of bad faith representations is made out." *Zenith Elecs. Corp.*, 182 F.3d at 1354.

At bar, the correspondence attached as Exhibit D clearly states on its face that there has been only an allegation of a "potential infringement." There is no allegation here by Plaintiff, nor could there be, that Defendant knew its patent to be invalid, unenforceable or not infringed.

Because there is no allegation of bad faith, the Lanahm Act claim has not been sufficiently pled and should respectfully be dismissed.

The few cases that have addressed this issue squarely support Defendant's position. In *Viskase Companies, Inc. v. World PAC Intern AG*, the "defendants sent letters, first to plaintiff, then to . . . defendant's customers (one of which was also plaintiff's customer at some point . . .), informing them that plaintiff's products 'fall within the scope of one or more claims on [defendant's] patent." 710 F. Supp. 2d 754, 756 (N.D. Ill. 2010).[2]

The *Viskase* court found:

> [u]ndoubtedly mindful of its pleading requirements . . . plaintiff recites in the complaint that defendants sent the letters, 'purposefully and in bad faith,' in an effort to harm plaintiff's business by 'creating the false perception in the marketplace' that plaintiff's products infringed the asserted patent. The complaint as a whole, however, does not support these conclusory allegations, which are insufficient to raise plaintiff's right to relief under this standard 'above the speculative level.'

*Id.* at 757 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 544 (2007)).

*Vikase* dealt with many letters sent to the Plaintiff's clients informing them of an infringement, and the Court still found there was no bad faith. The facts before this Court demonstrate even less of a possibility of bad faith: Defendant here sent only one letter to one former client of Defendant, informing the former client of a potential infringement. Like in *Viskase*, these facts are not sufficient to support a claim of bad faith.

Plaintiff is simply trying to stretch the facts in a desperate attempt to keep this matter before this Court. In attempting to manufacture allegations of bad faith, R&L mischaracterizes the statements made by Alex and Ani to R&L's distributors as "suggest[ing] that Alex and Ani's patent protection extended to all aspects of the current Alex and Ani design." Am. Compl., ¶ 33. A review of the actual correspondence, referenced by R&L's Amended Complaint, however,

---

[2] The *Viskase* court dismissed cases brought under state unfair competition. State unfair competition claims for statements made in support of patents are analyzed with the same "bad faith" considerations as federal Lanham Act claims. *See Zenith Elecs. Corp.*, 182 F.3d 1340.

14

cannot support this allegation.  Alex and Ani's correspondence merely alerts R&L's distributors to Alex and Ani's claims of "potential infringement" against R&L and "a significant issue of possible contributory infringement."  Garbarini Decl., Ex. E.  The correspondence specifically identifies the Bella Ryann expandable bangle as the problematic item, referring to it as the "Accused Bangle."  *Id.*

Finally, R&L fails to establish that Alex and Ani's claims for patent infringement were "so objectively baseless that no reasonable litigant could reasonably expect success on the merits."  *Dominant Semiconductors*, 524 F.3d at 1260.  To the contrary, as Alex and Ani set forth in its communications to both R&L and R&L's distributors, Alex and Ani certainly has a basis for claiming R&L's infringement and alerting the market to this claim.

As in *Infection Prevention Tech.*, Plaintiff here:

> critically fails to plead that Defendants *knew* that no evidence supported the infringement allegations . . . .  [N]owhere in the Complaint does Plaintiff suggest how or why Defendants knew (or should have known) their statements were false when they made them.

2011 U.S. Dist. LEXIS 105666 at *75.

The allegations in the Amended Complaint fail to adequately allege bad faith on the part of Alex and Ani.  Bad faith is an essential element of any Lanham Act claim based on a patentee's statements relating to a potential infringement; accordingly, R&L's Fifth Cause of Action for Lanham Act False Advertising must fail.

15

## CONCLUSION

Based on the foregoing, Declaratory Defendant respectfully asserts this action may not be sustained under the Declaratory Judgment act and the Declaratory Plaintiff has no authority to file the instant action. The SDNY Action is the only venue that addresses the claims brought pursuant to New York State law and is addressed to all parties in interest. Additionally, the False Advertising cause of action must be dismissed for failure to state a claim.

Dated: New York, New York  
       April 11, 2013

Respectfully submitted,

GARBARINI FITZGERALD P.C.

By: /s/ Richard M. Garbarini  
Richard M. Garbarini (Admitted *pro hac vice*)