IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

R&L MERCHANDISE, LLC )
)
v. ) NO. 3-12-1081
) JUDGE CAMPBELL
ALEX AND ANI, LLC )

MEMORANDUM

Pending before the Court are Defendant's Motion to Dismiss (Docket No. 7) and Defendant's Supplemental Motion to Dismiss (Docket No. 37).[1] For the reasons stated herein, Defendant's Motion to Dismiss and Supplemental Motion to Dismiss (Docket Nos. 7 and 37) are GRANTED in part and DENIED in part. Plaintiff's false advertising claims (Count V of the First Amended Complaint) are DISMISSED.

FACTS

Plaintiff and Defendant are competitors in the field of jewelry, specifically with regard to their "bangle bracelets." On October 19, 2012, Plaintiff filed this action for declaratory judgment, asking the Court to find that Plaintiff did not infringe Defendant's design patent or trade dress with regard to its bracelets and to hold that Defendant's patent in the design of its bracelets was invalid. Docket No. 1.

On October 22, 2012, Defendant herein filed an action against Randa I. Reep d/b/a/ Bella Ryann in the U.S. District Court for the Southern District of New York, alleging patent infringement,

---

[1] Ordinarily, Plaintiff's First Amended Complaint would have made Defendant's Motion to Dismiss (Docket No. 7) moot. In this case, however, the Magistrate Judge specifically noted that Defendant's Motion to Dismiss did not need to be entirely revamped but it would be supplemented. Docket No. 34. Therefore, the Court has considered both Motions.

trade dress infringement, and unfair competition under both federal and New York common law, related to the same products. Docket No. 40-6. On November 5, 2012, Defendant herein amended its Complaint in New York to add a claim for dilution of trademark and to add Rodney Reep and R & L Merchandise, LLC as Defendants. Docket No. 40-8. On December 10, 2012, Plaintiff herein amended its Complaint to add a claim for false advertising in violation of the Lanham Act. Docket No. 36.

Defendant contends that, prior to the filing of this declaratory action, Randa Reep and her husband Rodney Reep, owners of R & L Merchandise, were put on notice of Defendant's intention to file a Complaint in the U.S. District Court for the Southern District of New York if the dispute between them could not be resolved. Defendant alleges that, prior to any action being filed, Defendant went to great lengths to negotiate a good-faith resolution to the dispute between it and Plaintiff and that, after being advised of Defendant's intent to file a lawsuit, Plaintiff rejected Defendant's attempts and instead filed this action.

Defendant moves to dismiss this action for three reasons. First, Defendant contends that Plaintiff lacks standing to bring this action. Secondly, Defendant argues that this lawsuit is a defective attempt at a preemptive filing, which must be dismissed in favor of the New York action; and, finally, Defendant asserts that Plaintiff has attempted to add a non-declaratory judgment claim which must be dismissed for failure to state a claim.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## STANDING

Defendant first argues that Plaintiff lacks standing to bring this action because Plaintiff R & L Merchandise, LLC ("R&L") has never filed in Tennessee to do business as Bella Ryann and never held itself out to be affiliated with Bella Ryann.[2]

To have standing to seek relief, a party has to have a personal stake in the outcome of the controversy. *In re Strausbough*, 421 B.R. 423, 425 (E.D. Mich. 2009). To establish injury for purposes of Article III standing, a party must allege such a personal stake in the outcome of the controversy as to warrant its invocation of federal court jurisdiction. *Cherry Hill Vineyards, LLC v. Lilly*, 553 F.3d 423, 428 (6th Cir. 2008).

The Complaint and First Amended Complaint allege that R&L manufactures and sells the expandable, bangle bracelets at issue in this case. As the entity which manufactures and sells the products at issue, R&L could plausibly be held liable for patent and trade dress infringement should

---

[2] The parties seem to agree that the allegedly infringing products of Plaintiff are marketed and sold under a "Bella Ryann" label.

Defendant's allegations be found to have merit. In other words, for purposes of a motion to dismiss, Plaintiff has sufficiently alleged that R&L could potentially suffer an economic injury in fact and thus has standing to bring this action. Defendant's Motions to Dismiss on this issue are denied.

FIRST-TO-FILE RULE

The first-to-file rule is a doctrine of federal comity that promotes judicial efficiency. *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F.Supp. 2d 686, 688 (E.D. Tenn. 2005). The most basic aspect of the first-to-file rule is that it is discretionary. *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp.2d 899, 903 (N.D. Ohio 1999); *Sony/ATV Music Publishing, LLC v. KTS Karaoke, Inc.*, 2012 WL 1267980 at * 1 (M.D. Tenn. April 16, 2012). There is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. *Id*.

As indicated above, this action was filed first, before the New York action.[3] Defendant contends that the "First-to-File" Rule should not apply in this case, arguing that Plaintiff's action was an impermissible attempt at forum shopping which should be rebuked by the Court.

The central issue in both this case and the case in New York is whether Plaintiff's products infringe the patent and/or trade dress of Defendant. The claims alleged by the Plaintiff in the New York case may be brought, if appropriate, as counterclaims herein. The Defendants sued in the New York action are likely subject to jurisdiction in this Court, since they are Tennessee residents.

The Court notes that Defendant is a Rhode Island corporation; yet Defendant brought its action in New York, not in Rhode Island. Plaintiff is a Tennessee limited liability company and brought its action here, in its home forum. Defendant does not assert that this Court lacks personal

---

[3] Plaintiff has represented to the Court that it has filed a Motion to Dismiss the New York action, based upon lack of personal jurisdiction and/or improper venue, or, alternatively, to transfer it here for the convenience of the parties and witnesses. Docket No. 47.

jurisdiction over it. Plaintiff claims that the New York court lacks personal jurisdiction over the R&L Defendants in that action.

Plaintiff's principal place of business is in Davidson County, Tennessee. Plaintiff's related documents and product manufacturing are in Tennessee. Plaintiff's employees and witnesses are in Tennessee. There is no evidence that the documents, witnesses or operations of either party are in New York.

Considering the chronology of the actions, the similarity of the parties, and the similarity of the issues involved *(see Fuller*, 370 F.Supp.2d at 688), the Court, in its discretion, finds that this action, the first to be filed, should not be dismissed because of the New York action.

## DECLARATORY JUDGMENT ACT

Defendant also maintains that the Declaratory Judgment Act dictates that this case must be dismissed. Defendant argues that whether to entertain a Declaratory Judgment Act case is discretionary with the Court and that the Court should exercise its discretion not to hear this case.

The Declaratory Judgment Act states that in a case of actual controversy within its jurisdiction, the Court may declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201. The central purpose of the Declaratory Judgment Act is to provide the opportunity to clarify rights and legal relationships without waiting for an adversary to file suit. *Severe Records, LLC v. Rich*, 658 F.3d 571, 580 (6th Cir. 2011).

The Sixth Circuit has adopted a five-factor test to assess the propriety of the federal court's exercise of discretion in a Declaratory Judgment Act case: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a

declaratory action would increase the friction between federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *Amsouth Bank v.* Dale, 386 F.3d 763 (6th Cir. 2004); *Scottsdale Ins. Co. v. Roumph,* 211 F.3d 964, 968 (6th Cir. 2000).

Defendant argues that the controversy cannot be totally resolved in this action. Yet, the claims Defendant asserts against the R&L Defendants in New York may be brought, if appropriate, as counterclaims herein, and the additional parties Defendant wishes to sue, if appropriate, may be brought into this action. Determining the legal rights concerning the competing products would clearly serve a useful purpose in clarifying the legal relations at issue. The Court finds that this action was not brought for the purpose of procedural fencing or to provide an arena for a race for res judicata. This forum is the home forum of Plaintiff, where Plaintiff does business and has its principal operations.

This action would not increase tension between state and federal courts or encroach on a state court's jurisdiction since there is no state court action involved. Finally, Defendant has not identified an alternative remedy which is better or more effective, other than the New York action. The Court finds that this factor also weighs in favor of exercising jurisdiction over this case.

Therefore, the Court, in its discretion, will exercise jurisdiction over this declaratory judgment action, and Defendant's Motion to Dismiss on this basis is denied.

## FALSE ADVERTISING CLAIM

Finally, Defendant contends that Plaintiff's Lanham Act false advertising claim should be dismissed for failure to state a claim for which relief may be granted. Defendant asserts that Plaintiff's allegations do not constitute the type of patent-related claim allowed to proceed under the Lanham Act and that Plaintiff has not sufficiently alleged bad faith.

To prove a claim for false advertising under the Lanham Act, Plaintiff must establish that: (1) Defendant has made a false or misleading statement of fact in commercial advertising or promotion about the Plaintiff's goods or services; (2) the statement actually deceives or is likely to deceive a substantial portion of the intended audience; (3) the deception is material in that it will likely influence purchasing decisions; (4) Defendant caused the statement to enter interstate commerce; and (5) the statement results in actual or probable injury to Plaintiff. *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1348 (Fed. Cir. 1999); *see also Genlyte Thomas Group LLC v. National Service Industries, Inc.*, 262 F.Supp.2d 753, 756 (W.D. Ky. 2003).

When the alleged Lanham Act violation involves a patentee's marketplace activity, the claimant must also establish that the activity was undertaken in bad faith. *Judkins v. HT Window Fashion Corp.*, 529 F.3d 1334, 1338 (Fed. Cir. 2008). A patentee's statements regarding its patent rights are conditionally privileged under the patent laws, so that such statements are not actionable unless made in bad faith. *Zenith*, 182 F.3d at 1353. A patentee must be allowed to make its rights known to potential infringers so that they can determine whether to cease the allegedly infringing activities, negotiate a license if one is offered, or decide to run the risk of liability. *Id*. "Bad faith" in this context cannot be satisfied without a showing that the claims asserted in the allegedly false communication were objectively baseless, meaning that no reasonable litigant could realistically expect to prevail in a dispute over infringement of the patent. *Judkins,* 529 F.3d at 1338.

The Court finds that the alleged false advertising here, allegedly attached to the Amended Complaint as Exhibit D and later filed as Exhibit E to Docket No. 39 (*see* Docket No. 39, ¶ 13 and Ex. E), is communication of the type allowed and protected under the above-described bad faith requirement. In the allegedly false advertising, Defendant specifically advised its purchaser that Defendant was asserting its protected patent rights and that the purchaser could potentially have

7

infringed Defendant's patent in relation to Plaintiff's products. Docket No. 39, Ex. E. The communication puts the customer on notice of Defendant's claim of infringement and asks the customer to preserve evidence related thereto.

Although Plaintiff summarily contends that Defendant had reason to know that its statements were false and misleading and that Defendant acted willfully and in bad faith, Plaintiff has not alleged facts which would support an affirmative finding of bad faith, that Defendant's assertion of its patent rights was objectively baseless, or that the communication was outside the scope of Defendant's protected and privileged statements.

Thus, Defendant's Motion to Dismiss Plaintiff's false advertising claim is well-taken, and Plaintiff's false advertising claim under the Lanham Act is DISMISSED.

## CONCLUSION

For all these reasons, Defendant's Motions to Dismiss (Docket Nos. 7 and 37) are GRANTED in part and DENIED in part. Plaintiff's false advertising claims (Count V of the First Amended Complaint) are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE